FILED
2013 JAN 24 PM 2:06
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

Sandra L. Rini
3070 Blair Ave.
Mansfield, OH 44903-8775
419-529-9999

Plaintiff,

vs.

Javitch, Block & Rathbone, LLC., et al
Melissa Hager, Attorney at Law
1100 Superior Ave. , 18th Floor, Cleveland, OH
44114-2518

Defendants

Civil Action No. 1:13CV0178

CIVIL COMPLAINT

JUDGE BOYKO

MAG. JUDGE BAUGHMAN

## COMPLAINT

Now comes the Plaintiff, Sandra L. Rini, (hereinafter "Plaintiff"), Pro Se, and for her complaint against the Defendants Javitch, Block & Rathbone, LLC.,("hereinafter "JB&R,LLC") , and Melissa A. Hager, Attorney at Law, (hereinafter "Hager") , alleges and states as follows:

## PRELIMINARY STATEMENT

1. This action arises for actual and statutory damages for violations of the Fair Debt Collections Practices Act (hereinafter the "FDCPA "), 15 U.S.C. § 1692 *et seq.*, the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA") , § 1346.01 et.seq.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by the FDCPA, 15 U.S.C. § 1692 k(d) & 28 U.S.C. § 1331 and 28 U.S.C. § 1367. This honorable Court is a court of competent jurisdiction which has original jurisdiction over Plaintiff's federal claims and is authorized by the FDCPA to hear and adjudicate Plaintiff's claims against Defendants JB&R, LLC. et al, and Melissa Hager , Attorney at Law .

3. As Plaintiff's state claim is related to Plaintiff's federal claims, are inextricably entwined and arise out of a common nucleus of related facts, this Court has supplemental jurisdiction to hear Plaintiff's state claim against named Defendants.

4. Plaintiff's state claim is related to Plaintiff's federal claims as those claims form part of the same controversy under Article III of the United States Constitution.

5. Plaintiff's state claim is not complex or novel, and is straightforward.

6. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

7. Declaratory judgment is just and proper in this case, as declaratory judgment will send the appropriate message to the Defendants that their conduct will continue to subject them to future damages.

8. Venue is proper as all alleged conduct by JB&R, LLC., and Hager took place in Mansfield, Ohio while Plaintiff was residing in Mansfield, Ohio.

## PARTIES

9. Plaintiff is a natural person residing in the city of Mansfield, Richland County, Ohio.

10. Plaintiff is a "consumer" as defined by U.S.C. §1692 a(3), and the OCSPA §1345.01(D) as she is a natural person allegedly obligated to pay a debt.

11. Defendant JB&R, LLC., is a domestic, for profit, limited liability company with it's principal place of business at 1100 Superior Ave., Cleveland, Ohio. 44114-2518, in Cuyahoga County.

12. Defendant JB&R, LLC., is a debt collector, as defined by the FDCPA,15 U.S.C. §1692a (6), and O.R.C. §1345.01, in that it held itself out to be a company engaged in the collection of alleged consumer debts using the telephone, the Unites States Postal Service, court system, and all other means at its disposal.

13. Defendant JB&R, LLC. regularly attempts to collect consumer debts alleged to be due to another.

14. Defendant , Hager, is an individual residing at an unknown location, and an attorney employed by JB&R, LLC.

## STATUTORY STRUCTURE OF THE FDCPA

15. The FDCPA is a strict liability statute and no section of the FDCPA requires an inquiry into the worthiness of the debtor or purports to protect only deserving debtors. The FDCPA protects all consumers, from the gullible to the shrewd.

16. The existence or validity of the underlying debt is not material in a FDCPA action.

17. Under the FDCPA, whether conduct violates the FDCPA is to be determined by analyzing the conduct from the prospective of the least sophisticated consumer.

18. Under the FDCPA there is no requirement that any intent to deceive be established when evaluating if certain conduct or actions violated or violates the FDCPA.

19. Under the FDCPA a "consumer" is any natural person obligated or allegedly obligated to pay any debt. See 15 U.S.C. § 1692a (3).

20. Plaintiff Sandra L. Rini is a consumer as defined by the Ohio Revised Code Title [13] XIII (hereinafter O.R.C.), Ohio Uniform Commercial Code (hereinafter O.U.C.C.), Ohio Consumer Sales Practices Act (hereinafter OCSPA), §1345.01(D).

21. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes. See 15 U.S.C. § 1692 a( 5).

22. Under the O.R.C. §1309.102 a consumer debt is defined as any obligations or alleged obligations of money, property or their equivalent, which is due or owing, from a natural person to another person.

23. Under the FDCPA, a "debt collector" is any entity or person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts , or who regularly collects or attempts to collect, directly or indirectly, debts owed or due another or asserted to be owed or due to another. See 15 U.S.C. § 1692e (11).

24. Under the FDCPA, a debt collector may not use false or misleading representations. See 15 U.S.C. § 1692e (10).

25. Under the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. See 15 U.S.C. §1692f.

26. The United States Supreme Court held that the FDCPA's definition of "debt collector," Section 803(6), 15 U.S.C. § 1692a(6), "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

27. Ordinary and routine litigation activities of attorneys are actionable under the FDCPA. The FDCPA does apply to litigation activities, including formal pleadings by attorneys. *Phath v. J.Scott Watson, P.C.,2008, U.S.Dist.LEXIS 17563. and Sayyed v Wolpoff & Abramson, 485F.3d226,231(4thCir.2007)*

28. Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for actual damages sustained by such person for actual damages sustained by such person as a result of such failure, as well as statutory damages up to $1,000., attorney fees, and the costs of litigation. See 15 U.S.C. §1692k.

## STATUATORY STRUCTURE OF THE OCSPA

29. The Ohio Consumer Sales Practices Act (Ohio Revised Code Chapter 1345.01 et seq.) first adopted by the State in 1980 ,provides for a significantly wider set of protection for consumers. The act regulates suppliers in all sorts of consumer transactions , but has been widely held to include debt collection because of the language indicating it regulates violations that occur "before, during and after the transaction", § 1345.02.

**30. A violation of the FDCPA constitutes a violation of the OCSPA. O.R.C. Ann. §1345 et. seq.(2008). In order for this to be true, the following element must be present:**

**1. JB&R, L.L.C. and Hager must be considered "suppliers" as defined by the OCSPA See §1345.01 ( Defining supplier, consumer, and consumer transaction): see also OCSPA§1345.02A " No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during or after the transaction."**

**1. Whether JBR,L.L.C. and Hager are suppliers under the OCSPA**

**In 1984 the Ohio Court of Appeals ruled that debt collectors must be suppliers, rationalizing that to fail to do so would entice the original suppliers to defeat the OCSPA by quickly moving all debt to third party collectors. *Celebrezze v. United Research, Inc.*, 19 Ohio App.3d 49, 482 N.E..2d 1260 (1984).**

**Therefore the weight of the authority in both Federal District Courts and Ohio Courts view the OCSPA's reach to debt collectors as appropriate where the debt collector is not otherwise regulated as a bank. JB&R,L.L.C. and Melissa Hager fall under the definition of debt collector under the OCSPA.**

**31. Defendant's acts violated the FDCPA and as such violated the OCSPA.**

**32. The OCSPA expressly states that the remedies of the OCSPA are in addition to remedies otherwise available for the same conduct under state or local law, and except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in the amount equal to the sum of :**

**A. Statutory Damages (1.) Statutory damages in the amount of $ 200.00 per violation as per O.R.C. § 1345.09 , (2.) and may be greater if also a violation of another law, (3.) OCSPA statutory damages are in addition to any other theory of law as per O.R.C. § 1345.13**

## IV. FACTUAL ALLEGATIONS

33. Defendants JB&R, LLC. and Hager violated several separate debt collection practices under : The FDCPA,15 U.S.C. § 1692 et. seq.

The OCSPA § 1345.01-13 et. seq.

34. Sometime before June 6, 2011, Plaintiff is alleged to have incurred certain financial obligations with Citibank, N.A. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by U.S.C. § 1692a(5) and O.R.C. §1345.01

35. These alleged obligations were money, property, or their equivalent, which is due or owing, from a natural person to another person and are therefore a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

36. The validity of the alleged underlying debt is not relevant under the statute which Plaintiff is seeking relief.

37. Defendants were at all times acting on behalf of Citibank, N. A. as debt collectors for Citibank, N.A. for the above mentioned alleged debt.

38. On or about July 19, 2011 Plaintiff received a letter from JB&R, LLC. on behalf of their client, Citibank, N. A. making a demand for payment of $10,848.66 on the alleged debt.

39. On or about August 12, 2011 Defendants , as agents of Citibank, filed a Civil Complaint in Mansfield Municipal Court, Mansfield, Ohio. Case #2011CVH02033, in an attempt to collect alleged debt.

40. On or about September 7, 2011 Plaintiff filed an answer to the above mentioned Complaint .

41. On or about January 10, 2012 Defendants Motioned for Leave to File Summary Judgment. Attached to the Motion was an affidavit supporting summary judgment signed by Mary E. Crum, an employee of Citicorp Credit Services, inc. and notarized by Walter R. Todd.

42. Mary E. Crum was the witness authority that swore to have personal knowledge of Plaintiff's alleged account, and whose sworn testimony Defendants were basing their right to Motion for Summary Judgment.

43. On or about January 18th, 2012 Plaintiff served upon Defendant's a notice to take a Deposition Dueces Tecum upon oral examination of Mary E. Crum. Deposition was set for February 22, 2012.

44. On January 25, 2012 a Status Conference was held in the Honorable Magistrate Phillip Naumoff's office of the Mansfield Municipal Court.

45. At said conference, when Magistrate Naumoff tried to confirm that said deposition would take place at the set date of February 22, 2012 , Hager informed both Naumoff and Plaintiff that they would be needing an extension to produce the witness for deposition.

46. Hager informed both the Court and Plaintiff that the extension was necessary because the affiant Mary E, Crum would not be the actual witness at trial, and said witness was yet to be named.

47. Plaintiff objected and at that time Magistrate Naumoff instructed Hager to provide Plaintiff with the name of true witness as soon as possible, and in a timely manner.

**48. Defendants admitted to Magistrate Naumoff that they filed a Motion for Summary Judgment on the basis of the signed affidavit of a witness they refused to produce for a deposition by Plaintiff.**

**49. Due to admission of Defendants that the witness Crum would not be the one attesting as to the accuracy of the records sworn to in the affidavit, Magistrate Naumoff ordered Defendants to withdraw their Motion for Summary Judgment.**

**50. On or about Feb. 2, 2012 Defendants withdrew Motion for Summary Judgment from the Court.**

**51. On February 7, 2012 Plaintiff filed leave with Mansfield Municipal Court to file an amended Answer so as to allow for removal of case from the Courts to the private arbitration forums JAMS.**

**52. On or about February 7, 2012 , pursuant to the arbitration terms in the card member agreement with JB&R, L.L.C.'s client, Plaintiff filed a demand for arbitration in the JAMS forum, as per Citbank's own unilaterally written contract of adhesion, their credit card agreement.**

**53. On or about February 7, 2012 Plaintiff properly served all parties, Citibank, JB&R,L.L.C. and Hager of her demand for arbitration.**

**54. On or about February 8, 2012 Plaintiff filed a Motion with Mansfield Municipal Court to Dismiss /or Alternatively Stay Defendant's Complaint pending private arbitration .**

**55. On or about February 8th, 2012 Defendants JB&R,L.L.C., and Hager acknowledged receipt of notice of Claimant's election of Arbitration, and Motion to Dismiss/Alternatively Stay Claim Pending Arbitration as per the governing credit card agreement:**

"At any time, you or we may ask an appropriate court to compel arbitration of claims, or stay the litigation of claims pending arbitration, even if such claims are part of a lawsuit, unless a trial has begun, or a final judgment has been entered."

56. On or about February 14th, 2012 Defendants continued to file pleadings through the courts after private, contractual arbitration had been elected by Plaintiff, and was properly elected as required under the unilaterally written contract of cohesion with Plaintiff and their client .

57. On or about February 17, 2012 and February 28, 2012 Defendants continued to file pleadings through the courts, in violation of the credit card agreement.

58. On or about June 22, 2012 Debra Lewis notified all parties, Plaintiff, JB&R,LLC., Hager and Citibank, N. A. of intent to initiate Arbitration.

59. Defendant's are named to Arbitration by the unilaterally written contract of cohesion, the credit card agreement which specifies it is binding to non-signatories as follows:

"Whose claims are subject to arbitration? Not only our and yours, but also claims made by or against anyone connected with us or you, or claiming through us or you, such as a co-applicant or authorized user of your account, an employee, agent, representative, affiliated company, predecessor or successor, heir, assignee, or trustee in bankruptcy."

Plaintiff also refers to *M S Dealer Serv. Corp v. Franklin 177F. 2d942(11th Cir.1999)* citing equitable estoppel. Also the doctrine should apply " when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more signatories to the contract."

60. JB&R, L.L.C. are clearly agents of Citibank, N.A. and as such are bound to the same terms and conditions of the credit card agreement in trying to collect the alleged debt on behalf of their client, as both the Plaintiff and Citibank.

## CAUSES OF ACTION

### COUNT 1 . VIOLATIONS OF THE FDCPA

61. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though full stated herein.

62. JB&R, L.L.C. and Hager , filed documents as per sections 41 & 42, which were deceptive and unfair as the affidavit that accompanied the Motion for Summary Judgment was signed by a witness the Defendant's stated they had no intent of presenting at trial. Defendants deceptively tried to submit a Motion for Summary Judgment based on information submitted in an affidavit that Plaintiff was not able to verify. Defendant's violated the FDCPA 15 U.S.C. § 1692 e(10).

FDCPA 15 U.S.C. § 1692e (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

63. The conduct of JB&R, L.L.C. and Hager violated the FDCPA. As a result of the violation of the FDCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to U.S.C. § 1692k.

64. Although Plaintiff elected and initiated with payment Private Contractual Arbitration with JAMS, a private arbitration firm listed in the credit card agreement, and even though Defendants

confirmed notification of this election of arbitration, Defendants continued and do continue to pursue this matter in the Mansfield Municipal Court , Richland County, as per sections 55 ,56 & 57.

65. This is a willful breach of Citibank's credit card agreement, and Defendants , as agents of Citibank , are bound to the terms of said credit card agreement, which states all litigation of claims will cease upon election of arbitration by either party as per Section 55.

"At any time you or we may ask an appropriate court to compel arbitration of Claims, or to stay the litigation of Claims, pending arbitration, even if such Claims are part of a lawsuit, unless a trial has begun or a final judgment order has been entered."

66. In its attempt to collect aforementioned alleged debt, JB&R, L.L.C., and Hager violated the FDCPA 15 U.S.C. §1692e .

FDCPA 15 U.S.C. § 1692e (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

67. The conduct of JB&R, L.L.C. and Hager violated the FDCPA. As a result of the violation of the FDCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to U.S.C. § 1692k.

COUNT 2. VIOLATIONS OF THE OCSPA

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**69. JB&R, L.L.C. and Hager , filed documents as per sections 41 & 42, which were deceptive and unfair as the affidavit that accompanied the Motion for Summary Judgment was signed by a witness the Defendant's stated they had no intent of presenting at trial. Defendants deceptively tried to submit a Motion for Summary Judgment based on information submitted in an affidavit that Plaintiff was not able to verify. Defendant's violated the OCSPA §1345.02A .**

**OCSPA § 1345.02A No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during or after the transaction.**

**70. The conduct of JB&R, L.L.C. and Hager violated the OSCPA. As a result of the violation of the OSCPA, Plaintiff is entitled to statutory damages in an amount up to $ 200.00 or three times her actual damages, whichever is greater plus an amount not exceeding five thousand dollars in non-economic damages." Ohio Revised Code § 1345.09(B), and reasonable attorney's fees and costs Ohio Revised Code § 1345.09 (F).**

**71. Although Plaintiff elected and initiated with payment Private Contractual Arbitration with JAMS, a private arbitration firm listed in the credit card agreement, and even though Defendants confirmed notification of this election of arbitration, Defendants continued and do continue to pursue this matter in the Mansfield Municipal Court , Richland County, as per sections 55 ,56 & 57.**

**72. This is a willful breach of Citibank's credit card agreement, and Defendants , as agents of Citibank , are bound to the terms of said credit card agreement, which states all litigation of claims will cease upon election of arbitration by either party as per Section 55.**

"At any time you or we may ask an appropriate court to compel arbitration of Claims, or to stay the litigation of Claims, pending arbitration, even if such Claims are part of a lawsuit, unless a trial has begun or a final judgment order has been entered."

73. In its attempt to collect aforementioned alleged debt, JB&R, L.L.C., and Hager violated the OCSPA § 1345.02A

74, The conduct of JB&R, L.L.C. and Hager violated the OCSPA. As a result of the violation of the OSCPA, Plaintiff is entitled to statutory damages in an amount up to $ 200.00 or three times her actual damages, whichever is greater, plus an amount not exceeding five thousand dollars in non-economic damages." Ohio Revised Code § 1345.09(B), and reasonable attorney's fees and costs. Ohio Revised Code § 1345.09 (F).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sandra L. Rini, respectfully requests this honorable Court find in her favor, and enter judgment against the Defendants for the following:

75. Statutory damages of $1,000.00 pursuant to the FDCPA 15 U.S.C. §1692 e .

76. Statutory damages of at least $200 pursuant to the OCSPA , Ohio Revised Code § 1345.09(B), and punitive damages for willful violations to be ascertained by a court or jury.

77. Reasonable attorney's fees and costs. Ohio Revised Code § 1345.09 (F).

78. For the costs of filing this action.

79. Declaratory judgment ruling and finding JB&R, L.L.C. and Hager, in violation of the FDCPA and OCSPA.

80. Such further relief which the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury for all issues triable by jury.

RESPECTFULLY SUBMITTED, on this 24th day of January, 2013.

Sandra L. Rini

Sandra L. Rini

PRO-SE

3070 Blair Ave.

Mansfield, OH 44903

419-529-9999

swrdmbo@gmail.com