UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA L. RINI, | ) | CASE NO. 1:13 CV 178 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| JAVITCH, BLOCK | ) | **AND ORDER** |
| & RATHBONE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Defendant Javitch, Block & Rathbone's ("JB&R") Motion to Dismiss (ECF No. 6). For the reasons set forth below, the Motion to Dismiss is **granted** and this action is dismissed without prejudice.

**I. BACKGROUND**

This case stems from a debt collection lawsuit filed by Citibank (South Dakota) NA ("Citibank"), through counsel JB&R, against Rini in the Mansfield Municipal Court on August 12, 2011. Citibank alleged Rini had unpaid credit card debt and demanded payment in the amount of $ 10,848.66. Rini does not dispute the debt. Rather, she contests JB&R's conduct in the course of litigating the claim.

Rini first asserts JB&R used false representations or deceptive means to collect the debt in violation of 15 U.S.C. § 1692e(10). She indicates Citibank filed a Motion for Summary Judgment in the municipal court action, and attached the affidavit of Citibank employee, Mary Crum. Rini filed a Notice of Deposition seeking to depose Crum. JB&R subsequently withdrew the Motion for Summary Judgment and filed a witness list which did not include Crum. Rini asserts JB&R deceptively tried to submit a Motion for Summary Judgment based on an affidavit they could not verify because they did not intend to call Crum as a witness at trial.

Rini next asserts JB&R used deceptive means to collect the debt by failing to comply with the terms of the credit card agreement. She contends the agreement permits either party to ask a court to compel arbitration of the claims, or to stay the litigation of claims pending arbitration. She alleges she requested that the court refer the matter to arbitration and to stay the case until arbitration was completed. The court granted her request, but indicated it would schedule periodic status conferences to determine the progress of the arbitration. The first status conference was scheduled for July 25, 2012. JB&R filed a Motion requesting that their client be permitted to attend the status conference by telephone. That request was granted. Additional status conferences were scheduled for September 12, 2012, November 14, 2012, and February 20, 2013. Each time, JB&R filed a Motion asking that their client be permitted to attend by telephone. The court granted each request. Rini claims that filing Motions after she asked to stay the action was a deceptive practice that violated 15 U.S.C. § 1692e(10).

While that municipal court case was still pending, Rini filed this federal court action. Two weeks after this action was filed, JB&R filed a motion to dismiss without prejudice in the municipal court. That Motion was granted.

JB&R now files this Motion to Dismiss pursuant to Federal Civil Procedure Rule 12(b)(6). They contend that none of the actions they took in the course of the state court proceeding violated the FDCPA. They claim they are not required by any statute or procedural rule to attach to summary judgment motions only affidavits from individuals they intend to call as witnesses at trial. They also assert that filing house-keeping motions pertaining to the court-ordered status conferences was not a violation of the municipal court's stay of the case during arbitration as it did not constitute a substantive move to proceed with the case. They further assert the action was not deceptive in any way. Finally, JB&R contends that the OCSPA does not apply to financial institutions collecting a debt. They claim the OCSPA governs consumer transactions, and the statutory definition of a "consumer transaction" does not include transactions between financial institutions and their customers. They assert that because the transaction between their client and Rini was not a "consumer transaction" their debt collection actions on behalf of the client are also outside the parameters of the statutory definition.

## II. LAW AND ANALYSIS

**Standard of Review**

In deciding a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, the Court must determine the legal sufficiency of the Plaintiff's claim. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir.1993); *see also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)(clarifying the legal standard for a Rule 12(b)(6) Motion to Dismiss); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009)(same). When determining whether the Plaintiff has stated a claim upon which relief may be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations to be true, and determine

whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plaintiff is not required to prove, beyond a doubt, that the factual allegations in the complaint entitle him to relief, but must demonstrate that the "[f]actual allegations [are] enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true." *Id*. at 555. A plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

The Supreme Court in *Iqbal* clarified the plausibility standard outlined in *Twombly* by stating that "[a] claim has facial plausibility when the plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. Making this determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

For this analysis, a court may look beyond the allegations contained in the complaint to exhibits attached to or otherwise incorporated in the complaint, all without converting a motion to dismiss to a motion for summary judgment. Fed.R.Civ.P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997).

**Fair Debt Collection Practices Act**

Congress enacted the FDCPA in order to eliminate "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The statute is very broad, and was intended to remedy "what it considered to be a widespread problem." *Frey*

*v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir.1992). "When interpreting the FDCPA, we begin with the language of the statute itself ...." *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999).

In her complaint, Rini alleges JB&R violated 15 U.S.C. § 1692e(10), which prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." In determining whether any particular conduct violates the FDCPA, the courts have used an objective test based on the least sophisticated consumer. *See Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1029 (6th Cir.1992)(holding that the contents of a collection letter were not misleading, even under the "least sophisticated consumer" standard).

Filing a collection lawsuit, by itself, does not violate the FDCPA. Furthermore, it is not sufficient for a plaintiff to allege only that a law firm filed a complaint in a debt collection action without having immediate access to the documentation needed to prove the debt. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329-31 (6th Cir. 2006); *Deere v. Javitch, Block & Rathbone*, 413 F. Supp. 2d 886, 890-891 (S.D. Ohio 2006). The FDCPA, however, may be violated if the law firm attached an affidavit to a summary judgment motion which the law firm knew or should have known was executed by an "account specialist" who attested to the amount and character of the debt, but who in reality lacked personal knowledge of the matters to which she was attesting in that affidavit. *Williams v. Javitch, Block &Rathbone*, 480 F. Supp. 2d 1016, 1022 (S.D. Ohio 2007); *Delawder v. Platinum Financial Services Corp.*, No. C-1-04-680, 2005 U.S. Dist. LEXIS 40139 (S.D.Ohio March 1, 2005).

Here, Rini does not allege that the affidavit was false or deceptive, nor did she claim that

Crum lacked personal knowledge of the status of the debt in question. She merely claims in her Complaint that JB&R attached an affidavit of an individual they did not intend to call at trial. In her Reply to Defendant's Motion to Dismiss (ECF No. 8), Rini indicates her suspicion that the affidavit was "robo signed"[1] by an individual who had no personal knowledge of the subject matter of the affidavit, but she stops short of alleging the affidavit was deceptive due to the lack of actual knowledge of the affiant. In fact, she contends, "we will never know if this document was 'robo signed' or if the affiant actually had personal knowledge, because the Defendants refused to produce their own witness which they relied on to pray for summary judgment against the Plaintiff." (ECF No. 8 at 6). She then argues that the least sophisticated consumer would think they would produce the affiant at trial, and refers to JB&R's actions of using an affiant they did not intend to call as a witness at trial as a "bait and switch" scheme. (ECF No. 8 at 7). Using the affidavit from an individual JB&R did not intend to call as a witness, alone, does not violate the FDCPA. Rini does not allege sufficient facts to state a claim under 15 U.S.C. § 1692e(10).

In addition, Rini asserts JB&R's Motions requesting permission for their client to attend status conferences by telephone constituted a violation of the credit card agreement and the terms of the municipal court's order. Once again, Rini does not allege facts to suggest this act was deceptive or false to state a claim for relief under § 1692e(10). The court itself set the status conferences. JB&R's motions were on the record, and pertained solely to house-keeping measures associated with the status conferences. These actions also fail to state a claim under

---

[1] Robo signing refers to the practice of having one individual sign stacks of the affidavits or documents without having any personal knowledge of the information contained in the document. *See Williams*, 480 F. Supp. 2d at 1022.

15 U.S.C. § 1692e(10).

**Ohio Consumer Sales Practices Act**

The OCSPA provides that "no supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." OHIO REV. CODE § 1345.02(A). While the term "supplier" in the OCSPA is broader than the term "debt collector" in the FDCPA, the OCSPA specifically excludes "financial institutions" and "dealers in intangibles." OHIO REV. CODE § 1345.01(A).

Although transactions between financial institutions and their customers are not covered by the OCSPA, the same cannot be said as a matter of course for the actions of an attorney debt collector. *See Schroyer v. Frankel,* 197 F.3d 1170, 1177 (6th Cir. 1999)("to prove that an attorney was 'engaged in the business of effecting or soliciting consumer transactions' under the OCSPA, a plaintiff must show more than one isolated occurrence, especially when the occurrence is not within the usual course of business"); *see also Lee v. Javitch, Block & Rathbone, LLP*, 522 F.Supp.2d 945, 956 (S.D.Ohio 2007)(permitting a cause of action under the OCSPA to proceed against JB&R); *Lee v. Javitch, Block & Rathbone, LLP*, 484 F.Supp.2d 816, 821 (S.D.Ohio 2007)(same); *Williams v. Javitch, Block & Rathbone, LLP*, 480 F.Supp.2d 1016, 1024 (S.D.Ohio 2007)(holding that the Court could not find any definitive authority that would exempt debt collectors as it exempts banks). Furthermore, under Ohio law, creditors or agencies who regularly engage in the practice of collecting consumer debts are deemed to be "suppliers" engaged in "consumer transactions." *See Midland Funding LLC v. Brent,* 644 F. Supp. 2d 961, 965-72 (N.D. Ohio 2009); *Evans v. Midland Funding LLC,* 574 F. Supp. 2d 808, 817-18 (S.D. Ohio 2008); *Foster v. D.B.S. Collection Agency*, 463 F.Supp.2d 783, 809 (S.D.Ohio 2006);

*Delawder v. Platinum Fin. Servs. Corp.*, 443 F.Supp.2d 942, 952 (S.D.Ohio 2005); *Celebrezze v. United Research, Inc.*, 19 Ohio App.3d 49, 50, 482 N.E.2d 1260 (1984). While JB&R cites *Gionis v. Javitch, Block & Rathbone*, 405 F. Supp. 2d 856, 869 (S.D. Ohio 2005) as support for their argument, the weight of the authority in both federal courts and Ohio courts view the OCSPA as applying to debt collectors where the debt collector is not otherwise regulated as a bank. JB&R regularly engages in the practice of debt collection on behalf of its clients. It therefore may be considered a "supplier" under the OCSPA.

As courts have used the inclusive language of the OCSPA to consider debt collectors to be suppliers, they have also considered the act of collecting the debt to be a consumer transaction. *See Midland Funding LLC,* 644 F. Supp. 2d at 977. Once JB&R is considered a "supplier" by the OCSPA, Rini is logically considered a "consumer." The OCSPA defines a "consumer" as "a person who engages in a consumer transaction with a supplier." OHIO REV. CODE § 1345.01(D).

The OCSPA "prohibits a supplier of consumer goods from engaging in an unconscionable act or practice in connection with a consumer sales transaction ... before, during, or after the transaction." OHIO REV. CODE § 1345.02(A). The question the Court must decide is whether the actions of JB&R can be considered to be an unconscionable act or practice. The Court has already determined using an affidavit from an individual Rini did not intend to call as a witness at trial, and their filing of motions pertaining to attendance at the status conferences were not false or deceptive acts. For those same reasons, the Court concludes the actions, as alleged in the Complaint, were not unconscionable.

## III. CONCLUSION

For the foregoing reasons, JB&R's Motion to Dismiss (ECF No. 6) is granted. This action is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

                                        s/ Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        UNITED STATES DISTRICT JUDGE

DATED: June 7, 2013

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.